**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | |
| | § | CRIMINAL ACTION NO. 4:98-CR-14 |
| NATHANIEL HOWARD THOMAS, | § | |
| | § | |
| Defendant. | § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant's supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 12, 2020, to determine whether Defendant violated his supervised release. Defendant was represented by Brian O'Shea. The Government was represented by Marisa Miller.

Nathaniel Howard Thomas was sentenced on October 16, 1998, before The Honorable Paul Brown of the Eastern District of Texas after being found guilty of the offenses of Conspiracy to Possess Controlled Substances with the Intent to Distribute and Conspiracy to Distribute Controlled Substances, a Class A felony; Possession with Intent to Distribute Cocaine Base and Distribution of Cocaine Base, a Class C felony; and Distribution of a Controlled Substance within 1,000 Feet of a Playground, a Class B felony. These offenses carried a statutory maximum imprisonment term of not less than 10 years imprisonment or more than Life; not more than 20 years imprisonment; and not less than 1 year or more than 40 years imprisonment, respectively. The guideline imprisonment range, based on a total offense level of 35 and a criminal history category of IV, was 235 to 293 months. Nathaniel Howard Thomas was subsequently sentenced

to 235 months followed by a 5, 3, and 6 year term of supervised release, respectively, subject to the standard conditions of release, plus special conditions to include financial disclosure, drug testing and treatment, and a $500 special assessment. The defendant's motion for a sentence reduction was granted on August 15, 2008, and his sentence was reduced to 188 months. On November 7, 2011, Nathaniel Howard Thomas completed his period of imprisonment and began service of the supervision term. On July 3, 2013, the defendant's term of supervision was revoked, and he was sentenced to 12 months imprisonment followed by a 60-month term of supervised release. The defendant commenced the term of supervision June 17, 2015. On February 10, 2020, this case was reassigned to The Honorable Sean D. Jordan, U.S. District Judge for the Eastern District of Texas.

On September 17, 2015, the U.S. Probation Officer executed a Petition for Warrant or Summons for Offender Under Supervision [Dkt. 1380, Sealed]. The Petition asserted that Defendant violated three (3) conditions of supervision, as follows: (1) the defendant shall not commit another federal, state, or local crime; (2) the defendant shall reside in a residential reentry center or similar facility, in a prerelease component for a period of 180 days to commence immediately, and shall observe the rules of that facility. Should the defendant obtain a residence approved by the probation officer during the 180 day placement, the defendant shall be released; (3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

The Petition alleges that Defendant committed the following acts: (1) On September 4, 2015, the defendant was unsuccessfully discharged from Volunteers of America Residential Reentry Center, Hutchins, Texas, for failing to be present at the approved address in which he submitted for leave. As a result of the discharge from placement, the defendant ceased to be a

resident of Hutchins, Texas this date; however, the defendant failed to notify Hutchins Police Department Sex Offender Registration Unit of this change of address. To date, the defendant has not informed law enforcement, via the Department of Public Safety-State of Texas Sex Offender Registry, of a current address. As such, the defendant is committing a state crime; (2) On September 4, 2015, the defendant was unsuccessfully discharged from Volunteers of America Residential Reentry Center, Hutchins, Texas, due to a rule infraction. The defendant failed to reside in a residential reentry center and observe the rules of that facility; (3) On September 8, 2015, th[e probation] officer instructed the defendant to apply for residency and remain at The Bridge Homeless Shelter, Dallas, Texas, until a stable residence could be verified and obtained. The defendant failed to successfully apply and become a resident of The Bridge Homeless Shelter as instructed by the probation officer.

Prior to the Government putting on its case, Defendant entered a plea of true to allegation 2 of the Petition. The Government dismissed allegations 1 and 3. Having considered the Petition and the plea of true to allegation 2, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court.

## RECOMMENDATION

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that he be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twelve (12) months of imprisonment, with no term of supervised release to follow.

The Court also recommends that Defendant be housed in a Bureau of Prisons facility in Fort Worth, if appropriate.

**SIGNED this 7th day of July, 2020.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE